*Appeal case# 26-1403*

*Amw/baw*

**Jordan Owens,**
Plaintiff–Appellant,

v.

**United States Copyright Office, et al.,**
Defendants–Appellees.

Appeal From the United States District Court for the Eastern District of Virginia
Case No. 1:25-cv-00901-RDA-LRV

# BRIEF OF APPELLANT JORDAN OWENS

# I. JURISDICTIONAL STATEMENT

This appeal arises from a final order entered by the United States District Court for the Eastern District of Virginia dismissing Plaintiff-Appellant's claims challenging the refusal of the United States Copyright Office to register Plaintiff's graphical user interface ("GUI") work entitled *The Go Tee App*.

Jurisdiction in the district court was invoked pursuant to:
- 28 U.S.C. § 1331
- 17 U.S.C. § 701(e)
- 5 U.S.C. §§ 701–706 (Administrative Procedure Act)

This Court has appellate jurisdiction under 28 U.S.C. § 1291.

# II. ISSUES PRESENTED

1. Whether the district court erred in deferring to the Copyright Office's refusal where the refusal failed to analyze the specific expressive elements of Plaintiff's work.
2. Whether the Copyright Office acted arbitrarily and capriciously under 5 U.S.C. § 706 by relying upon generalized legal conclusions rather than individualized analysis.
3. Whether the district court improperly collapsed the distinction between functional systems and expressive implementation under 17 U.S.C. § 102(b).
4. Whether the district court failed to apply controlling precedent regarding:
   - selection,
   - coordination,
   - arrangement,
   - separability,
   - and total concept and feel.
5. Whether the interaction between:

   - 17 U.S.C. § 411(a),
   - administrative refusal,
   - and judicial deference
6. creates constitutional concerns under:

   - the First Amendment,
   - and the Fifth Amendment Due Process Clause.
7. Whether the district court erred in denying injunctive relief under *Winter v. Natural Resources Defense Council, Inc.*
8. Whether the district court improperly treated the Copyright Office's denial letter as sufficient to defeat injunctive relief while simultaneously requiring additional adversarial briefing before addressing the legal sufficiency of that same denial.
9. Whether the district court failed to recognize that the denial letter itself constituted the operative agency action subject to APA scrutiny.
10. Whether the district court improperly characterized Plaintiff's injuries as merely monetary despite the fact that APA claims principally provide non-monetary relief.
11. Whether the district court's reliance on hypothetical monetary damages improperly undermined Plaintiff's showing of irreparable harm.
12. Whether the district court failed to recognize that denial of registration creates an ongoing deprivation of economically viable expression and meaningful participation in the marketplace of ideas.
13. Whether the combined operation of:
- administrative denial,
- statutory barriers,
- and judicial deference

creates a constitutional "Catch-22" that effectively suppresses protected expression.

U.S. COURT OF APPEALS
FOURTH CIRCUIT
2026 MAY 13 A 11: 55
RECEIVED

# III. STATEMENT OF THE CASE

Plaintiff-Appellant Jordan Owens developed a graphical user interface and platform concept known as *The Go Tee App*, consisting of coordinated visual screens, layouts, interface elements, icons, stylized arrangements, and expressive graphical compositions.
The work evolved through multiple development stages beginning after a 2016 false arrest incident that Plaintiff alleges caused reputational and procedural harm. By 2017, Plaintiff was documenting and developing the underlying platform and associated expressive works.
Plaintiff later pursued trademark protection related to the same transaction and underlying expressive framework. A trademark application was filed on February 1, 2019, and registration was approved on April 13, 2021.
Plaintiff applied for copyright registration on February 20, 2023.
On June 11, 2024, the United States Copyright Office refused registration.
The refusal broadly characterized the work as:
- a "system,"
- "method of operation,"
- "functional layout,"
- and "look and feel."

However, the refusal failed to analyze:
- specific graphical elements,
- visual compositions,
- expressive screen arrangements,
- selection and coordination,
- ornamental aspects,
- or cumulative artistic expression.

Instead, the refusal relied upon generalized doctrinal statements concerning:
- blank forms,
- systems,
- methods of operation,
- functionality,
- and user experience concepts.

Plaintiff challenged the refusal under the Administrative Procedure Act ("APA").
The district court denied injunctive relief and later dismissed the action, concluding that:
- Plaintiff failed to demonstrate likelihood of success,
- alleged harms were merely economic,
- and the Copyright Office's determination was entitled to deference.

This appeal followed.

---

# IV. SUMMARY OF THE ARGUMENT

The Copyright Office's refusal cannot survive APA review because it fails to conduct the individualized analysis required by law.
The refusal letter does not evaluate:
- specific visual designs,
- iconography,
- layout decisions,
- expressive graphical arrangements,
- cumulative expression,
- or separable artistic elements.

Instead, the Office issued a generalized doctrinal rejection that effectively treats GUI expression as categorically unprotectable.
That approach conflicts with:
- *Feist Publications, Inc. v. Rural Telephone Service Co.,*
- *Apple Computer, Inc. v. Microsoft Corp.,*
- and *Star Athletica, L.L.C. v. Varsity Brands, Inc.*

The district court compounded this error by deferring to a legally deficient administrative record.
The court further failed to recognize that the denial letter itself constituted the operative agency action under review. Because the issue before the court centered on the sufficiency of the denial itself, additional adversarial factual development was unnecessary to determine whether the agency's reasoning complied with the APA.
The district court additionally erred by treating Plaintiff's harms as merely economic.
APA claims principally provide non-monetary relief. Yet the court relied upon hypothetical future monetary recovery from private entities to conclude that irreparable harm did not exist, despite the fact that:
- such claims had not yet been formally incorporated through amendment,
- the motion to add parties had not been granted,
- and the only active defendant was the federal government.

This reasoning created procedural inconsistency.
The ruling further creates serious constitutional concerns because the combined operation of:
- administrative denial,
- statutory registration barriers,
- and judicial deference

effectively suppresses economically viable expression.
The resulting framework burdens expressive works in violation of:
- the First Amendment,
- and the Fifth Amendment Due Process Clause.

# V. STANDARD OF REVIEW

Agency action challenged under the APA is reviewed to determine whether it is:

- arbitrary,
- capricious,
- contrary to law,
- or in excess of statutory authority.

Questions of law are reviewed de novo.

Denial of injunctive relief is reviewed for abuse of discretion, though underlying legal determinations are reviewed de novo.

# VI. ARGUMENT

## A. THE COPYRIGHT OFFICE FAILED TO ANALYZE THE ACTUAL WORK SUBMITTED

The refusal letter relies almost entirely on generalized statements concerning:

- blank forms,
- systems,
- methods of operation,
- and functional design.

However, the Office never analyzed:

- any individual screen,
- any icon,
- any graphical arrangement,
- any expressive visual composition,
- or any specific visual feature contained in Plaintiff's submission.

The refusal states that Plaintiff's icons and charts are not copyrightable under "generally applicable principles," yet fails to identify:

- which icons,
- which charts,
- which layouts,
- or which expressive combinations were examined.

This violates the APA requirement that agencies provide a reasoned explanation connecting facts to conclusions.

Instead, the refusal functions as a categorical rejection of GUI expression generally.

Such reasoning is arbitrary and capricious under 5 U.S.C. § 706.

## B. THE OFFICE FAILED TO APPLY FEIST

The refusal acknowledges that Plaintiff submitted a "set or group" of elements.

Under *Feist Publications, Inc. v. Rural Telephone Service Co.*, copyright protection may arise through:

- selection,
- coordination,
- and arrangement,

even where individual components are unprotectable.

Yet the Office dismissed compilation protection in a conclusory statement without conducting meaningful *Feist* analysis.

The district court failed to correct this legal deficiency.

## C. THE DISTRICT COURT MISAPPLIED 17 U.S.C. § 102(b)

The district court accepted the Office's conclusion that the GUI constituted a "system or method of operation."

But copyright law distinguishes:

- functionality itself,
    from
- expressive implementation of functionality.

Courts have repeatedly recognized that graphical user interfaces may contain protectable expressive elements.

See:

- *Apple Computer, Inc. v. Microsoft Corp.*

The Office and district court improperly collapsed expressive implementation into pure functionality.

## D. THE COURT FAILED TO APPLY STAR ATHLETICA

Under *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, courts must determine whether artistic elements are separable from utilitarian function.

Neither the Office nor the district court meaningfully analyzed whether Plaintiff's:

- visual compositions,
- ornamental interface elements,
- custom graphical layouts,
- or stylized screen arrangements

could exist independently as pictorial works.

Failure to conduct separability analysis constitutes reversible error.

# E. THE DISTRICT COURT FAILED TO CONSIDER "TOTAL CONCEPT AND FEEL"

The refusal categorically dismissed "look and feel."
But copyright law frequently evaluates the:
- "total concept and feel"

of a work when analyzing expressive similarity and protectability.
The Office failed to evaluate Plaintiff's work holistically, and the district court improperly accepted that omission.

# F. THE DENIAL LETTER ITSELF WAS THE SUBJECT OF APA REVIEW

The district court suggested that additional response or adversarial participation from the opposing party was necessary before relief could be considered.
However, the operative agency action under review was already fully embodied in the denial letter itself.
The APA question before the court was whether the Copyright Office's reasoning:
- was arbitrary,
- capricious,
- conclusory,
- or contrary to law.

That determination could be made directly from:
- the denial letter,
- the administrative reasoning,
- and the submitted work.

The legal sufficiency of the agency's explanation does not materially depend upon post hoc adversarial justification.
Thus, the district court improperly deferred meaningful review despite already possessing the agency rationale subject to scrutiny.

# G. THE COURT IMPROPERLY UNDERMINED IRREPARABLE HARM

The district court characterized Plaintiff's harms as merely economic.
But APA claims principally provide non-monetary relief.
At the same time, the court referenced hypothetical monetary recovery associated with private-party exploitation claims to conclude that irreparable harm was lacking.
This reasoning was inconsistent because:
- the motion to add private parties had not yet been granted,
- the active defendant remained the federal government,
- and the monetary theories referenced by the court depended upon claims not yet formally incorporated.

Thus, the court simultaneously:
- denied incorporation of those claims,
  while
- relying upon them to defeat injunctive relief.

This procedural inconsistency improperly diverted Plaintiff's constitutional showing of irreparable harm.

# H. THE FRAMEWORK OPERATES AS A FUNCTIONAL PRIOR RESTRAINT

Although Plaintiff may theoretically continue speaking, the denial of registration eliminates meaningful economic protection.
Without registration:
- distributors may refuse the work,
- enforcement becomes cost-prohibitive,
- and unauthorized exploitation may continue unchecked.

This creates a practical restraint on economically viable expression.
The First Amendment protects not only abstract speech, but meaningful participation in the marketplace of ideas.

# I. THE ECONOMIC "CATCH-22" AND MARKETPLACE OF IDEAS

Plaintiff's denial illustrates a fundamental constitutional and economic "Catch-22."

## The Benefit Is the Value

In practical commercial reality, First Amendment rights become functionally meaningless without access to copyright registration.
Without registration:
- distributors,
- publishers,
- streaming platforms,
- investors,
- and commercial partners

often refuse to engage with a work because registration serves as the primary mechanism for enforceability and legal security.
Additionally:
- statutory damages become unavailable,
- enforcement becomes economically impossible,
- and unauthorized appropriation becomes a calculated business risk for larger entities.

Thus, denial of registration does not merely withhold a benefit—it halts speech in economic terms.

### Government's Legal Position

The government treats:

- speech as constitutionally protected,
  while
- registration is framed as a discretionary statutory privilege.

Under this framework:

- expression may theoretically continue,
- but meaningful legal protection remains unavailable.

---

### Plaintiff's Counterargument

Plaintiff does not contend that every work must automatically receive registration.

Rather, Plaintiff argues that:

- conclusory administrative denials,
  combined with
- judicial deference,
  and
- statutory enforcement barriers

create a system where protected expression may be economically silenced before meaningful judicial review occurs.

This transforms copyright registration into a gatekeeping mechanism controlling economically viable speech.

---

### Constitutional and Economic Collision

This case exposes a structural collision between:

- First Amendment expression,
- economic participation,
- and procedural access to courts.

The denial framework effectively permits:

- private exploitation,
- market suppression,
- and commercial displacement

before creators can obtain meaningful judicial remedies.

This ongoing suppression constitutes irreparable harm because it prevents Plaintiff from safely:

- distributing,
- licensing,
- commercializing,
- and defending the work.

---

## J. THE REGISTRATION FRAMEWORK RAISES SERIOUS CONSTITUTIONAL QUESTIONS

Under *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, registration generally must occur before an infringement action may proceed.

Thus:

- registration denial,
  combined with
- judicial deference

creates a procedural barrier to federal court access.

This framework implicates:

- the First Amendment,
- and the Fifth Amendment Due Process Clause.

The constitutional issue is not whether there exists an absolute constitutional right to registration itself.

Rather, the constitutional concern arises where:

- administrative refusal,
- combined with statutory prerequisites,
- and judicial deference

operates to suppress expressive rights before meaningful judicial adjudication can occur.

---

## K. THE FIRST AMENDMENT QUESTION NECESSARILY FLOWS INTO THE FIFTH AMENDMENT QUESTION

The district court's assertion that Plaintiff possesses no constitutional right to registration does not resolve the constitutional problem presented.

Instead, it amplifies it.

Plaintiff's constitutional question is not premised upon registration as an isolated entitlement.

The constitutional issue arises because registration functions as:

- the gateway to enforcement,
- the mechanism for meaningful protection,
- and the prerequisite for practical participation in the marketplace of ideas.

Where:
- expressive work is denied registration,
- courts defer to that denial,
- and statutory barriers prevent meaningful enforcement,

the resulting framework implicates:
- First Amendment restraints on economically viable speech, which then
- produce Fifth Amendment procedural deprivation.

Thus, the First Amendment violation flows directly into the Fifth Amendment violation.
The constitutional harm emerges from the structure itself.

## L. POLITICAL EXPRESSION AND PRIOR RESTRAINT CONCERNS

The constitutional concerns are heightened because Plaintiff alleges that elements of the work were reproduced in a political campaign context, including campaign-related apparel depicting political figures.
Political speech receives the highest constitutional protection.
See:
- *New York Times Co. v. Sullivan*
- *McIntyre v. Ohio Elections Commission*

Where expressive works are allegedly utilized in political messaging without the creator's control, the resulting injury extends beyond economics and implicates:
- compelled speech,
- misattribution,
- and distortion of political expression.

The inability to control such use reinforces Plaintiff's prior restraint argument because:
- unauthorized political exploitation may continue,
- Plaintiff lacks effective tools to intervene,
- and ongoing expressive harm cannot be fully remedied through money damages alone.

## M. THE DISTRICT COURT ERRED IN DENYING INJUNCTIVE RELIEF

The district court concluded that Plaintiff's harms were merely economic.
But constitutional harms are irreparable by definition.
See:
- *Elrod v. Burns*

The inability to protect expressive works during ongoing exploitation constitutes present and irreparable injury.
Under *Winter v. Natural Resources Defense Council, Inc.*, Plaintiff established:
- likelihood of success,
- irreparable harm,
- favorable equities,
- and public interest.

The denial of relief was therefore erroneous.

## VII. CONSTITUTIONAL QUESTION PRESENTED

This case presents the following constitutional question:
"Does the combined application of 17 U.S.C. § 411(a), administrative denial of copyright registration, and judicial reliance upon that denial operate as an unconstitutional prior restraint on economically viable speech in violation of the First Amendment and a denial of meaningful access to the courts in violation of the Fifth Amendment Due Process Clause?"

## VIII. CONCLUSION

The Copyright Office's refusal:
- failed to analyze Plaintiff's work,
- failed to apply governing law,
- failed to conduct individualized examination,
- and failed to provide reasoned decision-making.

The district court improperly deferred to that defective analysis while disregarding substantial constitutional concerns.
Accordingly, Plaintiff respectfully requests that this Court:
1. Reverse the district court's dismissal;
2. Vacate the denial of injunctive relief;
3. Remand for further proceedings consistent with APA review standards;
4. Direct meaningful judicial review of the Copyright Office's denial;
5. Permit amendment of the complaint where appropriate;
6. Address the constitutional questions presented;
7. Grant such other and further relief as justice requires.

Respectfully submitted, **Jordan Owens** (Pro Se Appellant)
8220 Russell Road Alexandria, VA 22309
Phone #: (571) 455 - 3457 Email: Jdowens010@gmail.com